**Ardian STOLAJ, Vjollca Stolaj, Kevin Stolaj, Sara Stolaj, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 04–6088–AG.

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

Charles Christophe, New York, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Roslyn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Jonathan E. Green, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Stolajes petition for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

To qualify for asylum, "a refugee must demonstrate past persecution or a well-founded fear of future persecution on a account of 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Zhou Yun Zhang v. United States INS*, 386 F.3d 66, 70 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). If an applicant cannot support a claim for asylum, he will generally fail to satisfy the heavier burden for withholding of removal. See *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per

curiam). To qualify for CAT relief, an alien must demonstrate that it is more likely than not that, if returned to his native country, he would be tortured, as defined by CAT. See *Islami v. Gonzales*, 412 F.3d 391, 395–96 (2d Cir.2005).

This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The IJ's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, we will not disturb an IJ's findings of fact if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS*, 344 F.3d at 275 (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Indeed, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard," *Zhou Yun Zhang v. United States INS*, 386 F.3d at 73 (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)), provided the IJ has not misstated the record and has given specific, cogent reasons for the credibility ruling, thereby demonstrating that it is not based on bald speculation or caprice, see *id.* at 74; see also *Ramsameachire v. Ashcroft*, 357 F.3d at 178.

▮▮▮▮ In this case, the IJ's adverse credibility determination is amply supported by her findings that Ardian's Democratic Party membership card was issued to him in 2000, more than two years after he had left the country, and that his parents apparently still lived in Albania without incident. As the IJ noted, however, even were Ardian's testimony to be found

credible, so as to give rise to a presumptive fear of future persecution, see 8 C.F.R. § 208.13(b)(1), he would not be entitled to the relief sought because the government rebutted this presumption by showing, by a preponderance of the evidence, that a "change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear [of future persecution] is no longer well founded." *Guan Shan Liao v. DOJ*, 293 F.3d 61, 67 (2d Cir.2002) (citing 8 C.F.R. § 208.13(b)(1)(i)); *see also Gao v. Gonzales*, 424 F.3d 122, 128 (2d Cir.2005) (noting that well-founded fear of future persecution has an objective as well as subjective component). The IJ specifically noted that the record contained the State Department's 2001 Profile of Asylum Claims and Country Conditions for Albania. This document states that "it is highly unlikely in today's circumstances that many applicants will have credible claims to political persecution ... [even if] amplified by the assertion that a reconstituted communist regime has come to power" and that "[t]here is virtually no evidence that individuals are targeted for mistreatment on political grounds." This record evidence of changed country circumstances renders objectively unreasonable any fear that Ardian may have of being persecuted on account of his political beliefs were he to be returned to Albania.

As Ardian did not meet his burden of proof as to his asylum claim, it follows, as correctly noted by the IJ, that he necessarily does not demonstrate eligibility for withholding of removal since that claim has a higher burden of proof. *See Chen v. U.S.I.N.S.*, 359 F.3d 121, 127 (2d Cir.2004). As to Ardian's CAT claim, the IJ correctly determined that Ardian "set forth absolutely no facts or circumstances

to show that it is more likely than not that [his family] would be tortured if forced to return to Albania."

Accordingly, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).